UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HOWARD HAWK WILLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No: 2:25-mc-17-KAC-JEM |
| | ) | |
| KENNETH NELSEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Order of Referral [Doc. 3] by the District Judge on Petitioner's (1) Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1** ("Application")] and (2) Notice of Intent to File Petition for Habeas Corpus and Motion for Appointment of Counsel [Doc. 2].

For the reasons more fully stated below, the Court **GRANTS** Petitioner's Application [**Doc. 1**] and will therefore allow him to proceed without prepayment of costs. The Court **GRANTS** his Motion for Appointment of Counsel and will therefore appoint Federal Defender Services of Eastern Tennessee ("FDSET") and Attorneys Joshua Hedrick and Cullen Wojcik as Petitioner's counsel [Doc. 2].

**I.     DETERMINATION ABOUT THE FILING FEE**

Petitioner is currently incarcerated on death row at Riverbend Maximum Security Institution in Nashville, Tennessee [Doc. 2 pp. 1–2; *see* Doc. 1 pp. 1, 3]. He informs the Court that he intends to challenge his convictions and death sentence under 28 U.S.C. § 2254 [Doc. 2 p. 1].

In his Application, he requests to proceed as a pauper because he is "unable to pay the costs of th[is] proceeding" [Doc. 1 p. 1].

Under 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee." *Id*.; *see* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the Rules") (requiring "the applicable filing fee"). On application for a writ of habeas corpus, the filing fee is $5.00. 28 U.S.C. § 1914(a). A district court may authorize the commencement of "any suit . . . without prepayment of fees" if "the person is unable to pay" them, 28 U.S.C. § 1915(a), and provided that the petitioner submits (1) "a motion for leave to proceed in forma pauperis," (2) "the affidavit required by 28 U.S.C. § 1915," and (3) "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution[,]" Rule 3(a)(2) of the Rules.

The Court finds the Application supports that Petitioner lacks sufficient funds to pay the required filing fee. First, Petitioner has filed the standard application to proceed as a pauper, and he attests, under penalty of perjury, that he cannot afford the cost of this proceeding [Doc. 1 pp. 1–2].[1] Second, he provides the Court with a certificate from Riverbend Maximum Security Institution's authorized trust fund officer, which reflects that, at the time he filed his Application, his average balance in his inmate trust fund account for the last six months was $0.09 [*Id*. at 3]. Accordingly, the Court **GRANTS** Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].

---

[1] Petitioner states in his Application that he "received [a] $50" gift but "do[esn]'t know what . . . [he] will receive" [Doc. 1 p. 1]. The Court, however, will credit Petitioner's statement that he "is unable to pay the costs of these proceedings" because he signed his Application under penalty of perjury [*Id*. at 2].

## II. DETERMINATION ABOUT APPOINTMENT OF COUNSEL

Under 18 U.S.C. § 3599, Petitioner—through Attorney Emily Elison, Assistant Public Defender for FDSET's Capital Habeas Unit—moves the Court for appointment of counsel [Doc. 2 pp. 4–5]. In addition to seeking FDSET's appointment, Petitioner asks the Court for the continued appointment of his state post-conviction and appellate counsel Mr. Hedrick and Mr. Wojcik to represent him in this proceeding [*Id*. at 2–3 (stating that both attorneys represented him "in his state post-conviction trial and appeal")].

Section 3599 entitles indigent defendants to the appointment of counsel in capital cases, including habeas corpus proceedings. 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 . . . of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys[.]"). This Court's Criminal Justice Act Plan ("CJA Plan")—approved by the United States Court of Appeals for the Sixth Circuit—and the United States Courts Guide to Judiciary Policy ("Guide to Judiciary Policy") also contemplate the appointment of counsel in capital habeas corpus proceedings. CJA Plan § XIV(F); Guide to Judiciary Policy, vol. 7, ch. 6.

A defendant may invoke this statutory right by filing a motion for appointment of habeas counsel. *McFarland v. Scott*, 512 U.S. 849, 859 (1994) (discussing the statutory predecessor to § 3599, formerly found at 21 U.S.C. § 848). In addition, this statutory right to counsel "adheres prior to the filing of a formal" habeas corpus petition. *Id*. at 855.

Here, Petitioner invoked his statutory right to counsel through the filing of his motion, notwithstanding that he has not yet filed his petition for writ of habeas corpus. In addition, he is entitled to the appointment of counsel because he intends to "challenge the constitutionality of his

3

convictions and death sentence" under 28 U.S.C. § 2254 [Doc. 2 p. 1], and his financial information reflects that he is indigent [Doc. 1]. *See* 18 U.S.C. § 3599(a)(2) ("[Any defendant] seeking to vacate or set aside a death sentence, . . . who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys[.]").

The right to counsel under § 3599 also affords Petitioner the right to qualified representation. *McFarland*, 512 U.S. at 854 ("On its face, this statute grants indigent capital defendants a mandatory right to qualified counsel and related services 'i[n] any [federal] post-conviction proceeding.'"). As to proposed counsel's qualifications, § 3599 provides, in relevant part:

> [I]f the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years['] experience in the handling of appeals in that court in felony cases.

*Id.* § 3599(c). According to the CJA Plan, proposed counsel "should have distinguished prior experience" in (1) "federal post-conviction proceedings and in capital post-conviction proceedings," CJA Plan § XIV(F)(8), and (2) "capital § 2254 representations," *id.* § XIV(F)(9). *See id.* § XIV(C)(2)(d) (explaining that "'[d]istinguished prior experience' contemplates excellence, not simply prior experience"). When evaluating "proposed capital § 2254 counsel[s']" qualifications, a court should also consider their "commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to represent effectively the interests of the client." *Id.* § XIV(F)(11). In addition, it must consider the Community Defender's recommendation, who may suggest appointment of an "attorney from this district's Capital Habeas Unit," "other counsel who qualify for appointment under 18 U.S.C. § 3599," "or any combination of the foregoing that is appropriate under the circumstances." *Id.* § XIV(F)(3); *id.* § XIV(F)(4)

4

("[J]udges *shall* consider the recommendations made by the Community Defender[.]" (emphasis added)).

Both the CJA Plan and Guide to Judiciary Policy recommend appointment of "at least two attorneys," "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings[.]" CJA Plan § XIV(F)(2); Guide to Judiciary Policy, vol. 7, ch. 6 § 620.10.20(b) (stating that "judicial officers should consider appointing at least two attorneys"). Under the Guide to Judiciary Policy, a federal district court has authority "to continue the appointment of state post-conviction counsel" when the case enters the federal system, if no conflict of interest exists and "if qualified under Guide, Vol 7A, § 620.60."[2] Guide to Judiciary Policy, vol. 7, ch. 6 § 620.70(a); *see id*. § 620.20(c) (providing that "the court should take into consideration whether the [proposed] attorney represented the person during prior state court proceedings").

The Court has considered the Federal Community Defender Gianna Maio's recommendation of proposed counsel, proposed counsel's training and experience, and their willingness to represent Petitioner and finds their appointment appropriate. In line with the Court's CJA Plan, Petitioner indicates that Ms. Maio has adopted his motion as her recommendation for "the appointment of habeas counsel" [Doc. 2 p. 3 (citing CJA Plan § XIV(F)(3))]. Petitioner also assures the Court that "[a]ll counsel are qualified under 18 U.S.C. § 3599" [*Id*. at 4]. As to Mr. Hedrick's and Mr. Wojcik's qualifications, he states they have "prior defense experience in state capital trials, appeals, and post-conviction and prior federal litigation experience" and have

---

[2] Section 620.60 of the Guide to Judiciary Policy discusses counsel's qualifications under 18 U.S.C. § 3599, which, as already indicated in this memorandum, requires "at least one of the attorneys appointed . . . [to] have been admitted to practice in the court of appeals for not less than five years, and . . . have had not less than three years' experience in the handling of appeals in court in felony cases in the court." Guide to Judiciary Policy, vol. 7, ch. 6 § 620.60.20.

attended "capital habeas trainings" [*Id*.].³ In addition, Petitioner indicates that Mr. Hedrick and Mr. Wojcik are members of the CJA Panel in this district [*Id*. at 3]. *See generally* CJA Plan § IX(C)(3) (discussing eligibility of CJA Panel applicants, which requires them, in relevant part, to be "in good standing of the federal bar of this district and the Sixth Circuit Court of Appeals" and "have significant experience representing persons charged with serious criminal offenses"); *see also Bixby v. Stirling*, No. 4:17-cv-00954, 2017 WL 11613512, at *1–2 (D.S.C. Apr. 28, 2017) (considering proposed counsel's CJA Panel membership on capital inmate's motion for appointment of counsel under § 3599 in finding attorneys qualified to represent the petitioner). As to Ms. Elison's qualifications specifically, Petitioner states that she has "prior defense experience in state capital trials and postconviction, Federal Death Penalty Act litigation, capital habeas litigation, and capital trial and habeas trainings" [Doc. 2 p. 4].⁴ According to Petitioner's motion, Ms. Elison has also met with Mr. Hedrick and Mr. Wojcik, and all counsel are "'willing[] to represent [him] effectively'" [*Id*. at 4–5 (quoting CJA Plan § XIV(F)(11))].

---

³     Whether Mr. Hedrick and Mr. Wojcik "have been admitted to practice in the court of appeals for not less than five years, and . . . have had not less than three years' experience in the handling of appeals in felony cases in the court" is unclear from Petitioner's motion [*See* Doc. 2]. Guide to Judiciary Policy, vol. 7, ch. 6 § 620.60.20; *see id*. § 620.70 (urging continued "appointment of state post-conviction counsel, *if* qualified under Guide, Vol 7, § 620.60, when the case enters the federal system" (emphasis added)). But given Ms. Maio's recommendation of proposed counsel, which the Court affords great weight, and Petitioner's assurances that "[a]ll counsel are qualified under 18 U.S.C. § 3599," it finds Mr. Hedrick's and Mr. Wojcik's continued representation appropriate at this time [Doc. 2 p. 4]. *See* CJA Plan § XIV(F)(4) ("In appointing counsel in a capital § 2254 matter, judges shall consider the recommendations made by the Community Defender and resource counsel and articulate reasons for not doing so.").

⁴     As to FDSET, this Court has routinely appointed counsel from its Capital Habeas Unit to represent petitioners who are challenging their convictions and sentence under 28 U.S.C. § 2254. *See, e.g.*, *Davidson v. Nelsen*, 3:22-cv-00015, Doc. 4 (E.D. Tenn. Jan. 24, 2022) (granting FDSET's motion for appointment of counsel under § 3599); *Pike v. Freeman*, No. 1:12-cv-00035, Doc. 3 (E.D. Tenn. Feb. 1, 2012) (same); *Sutton v. Colson*, No. 3:06-cv-00388, Doc. 3 (E.D. Tenn. Oct. 16, 2006) (same); *Hall v. Bell*, No. 2:06-cv-00056, Doc. 5 (E.D. Tenn. Mar. 17, 2006) (same).

In addition, the Court finds Mr. Hedrick's and Mr. Wojcik's continued representation of Petitioner in this proceeding appropriate due to their familiarity with Petitioner's trial, post-conviction proceeding, and appeals. *See* 18 U.S.C. § 3599(d) (permitting a federal district court, "for good cause," to "appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant"); *see also* Guide to Judiciary Policy, vol. 7, ch. 6 § 620.70 (urging "presiding judicial officers to continue the appointment of state post-conviction counsel, if qualified" and no conflict of interest exists). Petitioner informs the Court that Mr. Hedrick and Mr. Wojcik have represented him since June 2020 "in his state post-conviction trial and appeal" [Doc. 2 p. 3]. He maintains, therefore, that they are "unmatched in their familiarity with . . . [his] underlying trial, the direct appeal litigation, and the post-conviction investigation and litigation" [*Id*.]. He further expresses his "unequivocal desire" to have their continued representation in this proceeding and indicates that "no apparent conflict of interest" exists [*Id*. at 5].

## III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**] and **GRANTS** Petitioner's Motion for Appointment of Counsel [**Doc. 2**]. It is **ORDERED** that, under 18 U.S.C. § 3599(a)(2), Federal Defender Services of Eastern Tennessee and Attorneys Joshua Hedrick and Cullen Wojcik are **APPOINTED** as counsel of record for Petitioner in this proceeding.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge